```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

RHONDA EHRLER,

                Plaintiff,

vs.                        Case No. 2:09-cv-541-FtM-29SPC

SEASHORE RESORTS, LLC, ROBERT PRISCO, WEBSTER FINANCIAL CORPORATION, also known as Webster Bank, N.A., R. FRY BUILDERS, INC., CAPE CORAL TITLE INSURANCE AGENCY, INC., TITLE INSURANCE AGENCY, INC., SEAN MILLER, KOALA EQUITY GROUP, INC.,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on defendant Cape Coral Title Insurance Agency, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. #7), defendant Webster Bank, N.A.'s Motion to Dismiss Complaint (Doc. #21), and defendant Sean Miller and Koala Equity Group, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. #28). Plaintiff filed Responses to all motions (Docs. #12, 31).

Plaintiff Rhonda Ehrler (plaintiff or Ehrler) filed a Complaint (Doc. #1) against defendants Seashore Resorts, LLC (Seashore), Robert Prisco (Prisco), Webster Bank, N.A. (Webster), R. Fry Builders, Inc. (Fry Builders), Sean Miller (Miller), Koala Equity Group, Inc. (Koala), and Cape Coral Title Insurance (Cape Title) setting forth a variety of state law claims. Plaintiff asserts that this court has subject-matter jurisdiction based upon

diversity of jurisdiction pursuant to 28 U.S.C. § 1332(a). Because the allegations in the Complaint fail to adequately allege complete diversity of citizenship, the Court will *sua sponte* dismiss the Complaint and grant leave to amend pursuant to 28 U.S.C. § 1653.

**I.**

Plaintiff alleges that defendants Seashore, Prisco, Koala, Webster, Fry Builders, and Cape Title are partners who participated in a scheme to defraud plaintiff by enticing her and others to invest in pre-construction real estate in Southwest Florida at inflated prices. In 2005, Webster, through representatives Seashore and Prisco, made a presentation at a real estate investment meeting in New York on an opportunity to profit from the purchase of waterfront residential property to be built by Fry Builders and financed by Webster. Seashore and Prisco assured plaintiff that the property would be sold or "flipped" by Koala before the certificate of occupancy issued, resulting in a profit. Seashore and Prisco also represented that they would teach plaintiff, for a small fee of $5,000.00, how to identify good real estate investments and procure a team composed of a lender (Webster), a broker (Koala), a builder (Fry Builders), and a title company (Cape Title) to make at least $40,000.00 with little or no risk. Plaintiff agreed and paid $5,000.00 to Seashore and Prisco.

As part of the scheme, plaintiff was asked to rely on the expertise of and pressured by Seashore and Prisco to purchase a Fry

Builders waterfront pre-construction home through Koala, with no money down and financing by Webster, and titled by Cape Title. Plaintiff was told to act quickly because it was a limited time only opportunity and the home was priced at least $50,000 to $70,000 below appraised value. Upon commitment by plaintiff, she was sent a package of blank documents for signing. Seashore and Prisco later filled in the contracts with payment of commissions to defendants and an obligation to purchase without condition. A fraudulently overstated appraisal value was set high enough to permit a construction loan to be 80% of the appraised value, and was knowingly used by Webster in providing the construction financing. The home was listed by defendants as a primary or second home, rather than the investment it was, which plaintiff assumed for the better interest rate. Plaintiff trusted Prisco and Seashore to act in her best interest through the whole process and bought one property during the process. Webster disbursed construction funds to Fry Builders at closing and construction draws to itself.

## II.

Plaintiff premises federal jurisdiction upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (Doc. # 1, ¶2.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotations and citations omitted). The Complaint alleges that plaintiff is a citizen of the United States, but does not allege her State citizenship, only where she resides (New York). (Doc. #1, ¶ 3.) The Complaint also fails to allege either United States citizenship or domicile for the two individual defendants. (Doc. #1, ¶¶ 5, 8.)

A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is determined by the "nerve center" test. Hertz Corp. v. Friend, 130 S. Ct. 1181, 2010 U.S. LEXIS 1897, at **28-29 (Feb. 23, 2010). The Complaint fails to allege the state where the corporate defendants have their principal places of business (Doc. #1, ¶¶ 6,

7, 9, 10), and is insufficiently pled. <u>Variable Annuity Life Ins. Co. v. Adel</u>, 197 Fed. Appx. 905 (11th Cir. 2006).

A limited liability company is a citizen of any state of which a member is a citizen. <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020 (11th Cir. 2004). The Complaint fails to allege the citizenship of the defendant limited liability company, or the individual members of the company. (Doc. #1, ¶ 4.)[1]

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Court **DISMISSES** the Complaint **WITHOUT PREJUDICE** for failure to sufficiently allege subject-matter jurisdiction.

2. Defendant Cape Coral Title Insurance Agency, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. #7) is **DENIED** as moot.

3. Defendant Webster Bank, N.A.'s Motion to Dismiss Complaint (Doc. #21) is **DENIED** as moot.

4. Defendant Sean Miller and Koala Equity Group, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. #28) is **DENIED** as moot.

---

[1]The Court notes the jurisdictional allegation states that the amount in controversy exceeds $75,000.00 (Doc. #1, ¶ 2), but the specific factual allegations may only support a loss of $5,000.00 out of pocket, plus an unknown amount of damages stemming from the mortgage and note, which value is not specified, and damage to plaintiff's credit. The Court need not decide at this point whether the amount in controversy is adequately pled.

5.  Plaintiff may file an Amended Complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order.  If no Amended Complaint is filed, the case will be closed without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this ___22nd___ day of March, 2010.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record